# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>GAIL LEWIS, et al.,<br><br>          Defendants. | CASE NO. 1:05-CV-01124-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Docs. 1 and 14) |

I.     Findings and Recommendations Following Screening of Complaint

     A.     Procedural History

Plaintiff Doyle Wayne Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 18, 2005. (Doc. 1.) On May 23, 2006, the court issued an order finding that plaintiff's complaint contains cognizable claims for relief against defendants Melendez, Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas for allegedly violating plaintiff's rights under the Eighth Amendment, but does not contain any other claims upon which relief may be granted. (Doc. 13.) The court ordered plaintiff to either file an amended complaint curing the deficiencies or notify the court of his willingness to proceed only on the cognizable claims set forth in his complaint. (Id.) On June 2, 2006, plaintiff filed a notice stating that he does not wish to amend and is willing to proceed only on the claims found to be cognizable by the court. (Doc. 14.) Accordingly, based on plaintiff's notice, this Findings and Recommendations now issues.

///

B.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

2

C. <u>Summary of Plaintiff's Complaint</u>

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff is seeking monetary and declaratory relief, and unspecific injunctive relief. Plaintiff names prison employees Melendez, Lewis, Bendon, Sacs, Hernon, Ortiz, Flores, Day, Kushner, Havens, Fogleman, Petrick, Spearman, Shelby, Torres, and Ornellas as defendants. Plaintiff's claims in this action arise from (1) an incident in which he was forced to carry a heavy load of personal property in contravention of his medical limitations, (2) plaintiff's inability to obtain medically necessary soft sole boots and cotton blankets, and (3) an incident in which plaintiff burned his finger on a coffee pot.

D. <u>Plaintiff's Claims</u>

    1. <u>Eighth Amendment Claims</u>

        a. <u>Claims Against Defendants Melendez, Flores, Spearman, and Fogleman - Transport of Personal Property</u>

Plaintiff alleges Eighth Amendment claims stemming from the incident in which he was forced to carry a heavy load of personal property. Plaintiff alleges that on May 19, 2003, defendant Melendez forced him to carry approximately four-hundred pounds of personal property despite being notified that plaintiff had a serious medical condition precluding him from doing so. (Comp., ¶26.) Plaintiff alleges that as a result, his back and legs were injured. (<u>Id</u>., ¶¶26, 27.) Plaintiff alleges that on May 30, 2003, he was interviewed by defendant Fogleman regarding his complaint against defendant Melendez, and defendant Fogleman referred the complaint to defendant Spearman for further investigation. (<u>Id</u>., ¶28.) Plaintiff alleges defendant Spearman interviewed him on June 13, 2003, informed him that defendant Melendez had admitted to plaintiff's complaint and had been reprimanded, and convinced plaintiff to withdraw the appeal. (<u>Id</u>., ¶32.) Plaintiff alleges that defendant Flores partially granted his inmate appeal on June 18, 2003, and referred him to a doctor. (<u>Id</u>., ¶31.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials

3

1  must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
2  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,
3  1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of
4  confinement, prison officials may be held liable only if they acted with "deliberate indifference to
5  a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6  The deliberate indifference standard involves an objective and a subjective prong. First, the
7  alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511
8  U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official
9  must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S.
10  at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane
11  conditions of confinement only if he knows that inmates face a substantial risk of harm and
12  disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials
13  may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting
14  evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence
15  on the part of the prison official is not sufficient to establish liability, but rather, the official's
16  conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

17  Plaintiff's allegations are sufficient to give rise to a claim for relief against defendant
18  Melendez for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a). However, plaintiff's
19  allegations against defendants Flores, Spearman, and Fogleman do not give rise to a claim for relief
20  under section 1983. Plaintiff has not alleged any facts supporting a claim that defendants Flores,
21  Spearman, and Fogleman "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or
22  safety." Farmer, 511 U.S. at 837.

23  b. Claims Against Defendants Shelby, Havens, and Petrick - Burn Injury
24  Plaintiff alleges claims for relief against defendants Shelby, Havens, and Petrick stemming
25  from the incident in which he burned himself on a faulty coffee pot. Plaintiff alleges that on July 2,
26  2003, he burned the index finger on his left hand on a faulty coffee pot. (Comp., ¶34.) Plaintiff
27  alleges that defendant Shelby acknowledged his burn and admitted the coffee pot was faulty, but
28  refused to provide plaintiff with medical treatment because she deemed it unnecessary. (Id.)

4

Case 1:05-cv-01124-LJO-SMS   Document 16   Filed 06/09/06   Page 5 of 11

Plaintiff alleges he filed an inmate appeal and on July 17, 2003, defendant Shelby admitted she taunted plaintiff, witnessed the burn, knew the coffee pot was faulty, and failed to summon medical assistance. (Id.) Plaintiff alleges that defendant Shelby also admitted that defendant Petrick witnessed the taunting and participated in it. (Id.)

Plaintiff alleges that from July 2, 2003, through July 17, 2003, he went to the medical clinic for treatment of his burn. (Id., ¶35.) Plaintiff alleges that the burn had become infected, and was swollen and full of pus. (Id.) Plaintiff alleges that defendant Havens, a registered nurse, told him that he could not treat the burn or the infection without a doctor's order and that by the time plaintiff put in a request for treatment and was seen by a doctor, the injury would probably be healed. (Id.) Plaintiff was told that because it was only one finger, he could do without treatment because it was not life threatening. (Id.)

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The court finds plaintiff's allegations fall short of stating a claim against defendants Shelby, Petrick, and Havens under section 1983. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official

5

should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, the allegation that defendants Shelby and Petrick taunted plaintiff does not state a claim. Although plaintiff alleges that defendant Shelby refused to summon medical attention, plaintiff's allegations establish that he went to the medical clinic that day. The allegations simply do not support a claim that defendant Shelby "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Finally, although defendant Havens did not provide plaintiff with treatment for his burn, plaintiff's allegations do not support a claim that in doing so, defendant knowingly disregarded an excessive risk to plaintiff's health.

        c.     Claims Against Defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas - Denial of Soft Sole Shoes and Cotton Blankets

In his complaint, plaintiff alleges that he has permanent chronos for lower bunk housing, for an extra mattress, and allowing him to sit rather than lie down during yard emergencies. Plaintiff also alleges that he is allergic to wool blankets, requiring the issuance of two cotton blankets. Only plaintiff's need for soft sole boots and cotton blankets are at issue in this action.

Defendants Kushner, Ortiz, and Hernon were involved in responding to plaintiff's inmate appeal. Defendant Kushner agreed to renew plaintiff's medical chronos and telephoned the facility's laundry room to instruct them to issue plaintiff two cotton blankets. (Comp., ¶33.) Defendant Kushner subsequently saw plaintiff again concerning his appeal and informed plaintiff that he had submitted a request for the renewal of plaintiff's chronos, but he doubted the medical review board would grant the request. (Id., ¶36.) Plaintiff next saw defendant Ortiz, who told plaintiff he doubted the medical review board would approve the requested medical items, but stated he would a further review of plaintiff's medical file and respond to the appeal. (Id., ¶37.) Plaintiff's appeal was later partially granted by defendant Hernon, but he never received the items. (Id., ¶38.)

///

6

1   Plaintiff alleges that on June 19, 2003, after defendant Kushner instructed the laundry room
2   to provide plaintiff with two cotton blankets, plaintiff was provided with half of a blanket by
3   defendant Ornellas and told that was all he would receive due to budget cuts. (Id., ¶33.) Plaintiff
4   alleges that on September 2, 2003, defendant Ornellas granted his inmate appeal seeking the issuance
5   of soft sole boots, which had been ordered for medical reasons. (Id., ¶39.) Defendant Ornellas told
6   plaintiff there were no boots available in his size, twelve EE, and admitted that she had the chrono
7   from June directing that plaintiff be provided with the boots. (Id.) Defendant Ornellas told plaintiff
8   she would speak to her supervisor and plaintiff should return that afternoon. (Id.) Upon his return,
9   defendant informed plaintiff that they had one pair in size eleven and one pair in size fourteen, and
10  that he could choose one of those pairs or receive none. (Id..) Plaintiff refused the boots because
11  they were neither his size nor soft soled. (Id.)

12  Plaintiff subsequently spoke with defendant Havens and told him that custody and laundry
13  staff refused to honor the granted appeal. (Id., ¶41.) Defendant Havens told plaintiff medical staff
14  had already done their job and he had to get custody staff to do theirs. (Id..) Plaintiff next
15  approached defendant Fogleman, showed her the blisters and calluses on his feet from improper
16  footwear, and told her that he was suffering from back and leg pain. (Id., ¶42.) Defendant Fogleman
17  told him it was not her concern and to tell a sergeant. (Id..) Plaintiff then attempted to obtain
18  assistance from defendants Torres and Shelby, but was unsuccessful. (Id., ¶43, 44, 46.) Plaintiff
19  again asked defendant Ornellas if she had ordered the boots, but she said they were not available due
20  to budget cuts and would probably never be available. (Id., ¶45.) Defendant Havens informed
21  plaintiff the laundry room did not have cotton blankets to issue due to budget cuts, but offered
22  plaintiff a wool patch test kit because the prison had plenty of those. (Id., ¶47.) Plaintiff declined
23  because he had already been tested five times and his allergy to wool was established. (Id.)

24  Plaintiff's allegations establish that he had a documented medical need for cotton blankets
25  and soft sole boots, but that he was given the run around and the denied the items on the ground that
26  budget cuts precluded prison staff from providing them. Plaintiff's allegations further establish that
27  he sought assistance from defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres,
28  and Ornellas on various occasions as he attempted to obtain the items. The court finds that

plaintiff's allegations are sufficient to allow plaintiff to proceed on a claim that defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas acted with deliberate indifference to his medical needs by failing to ensure that he was provided with the medically necessary items. Fed. R. Civ. P. 8(a).

### 2. Conspiracy and Retaliation Claims

Plaintiff alleges that defendants Lewis, Fogleman, Petrick, Spearman, Shelby, Torres, Ornellas, Melendez, Bendon, Sacs, Ortiz, Flores, Day, Kushner, Havens, and Hernon conspired to retaliate against him for filing staff complaints and grievances.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff's complaint does not contain any allegations supporting a claim that he was retaliated against or that defendants conspired to retaliate against him. Accordingly, plaintiff fails to state a claim for relief under section 1983 for retaliation or conspiracy.

### 3. Claims Against Defendants Lewis, Bendon, Sacs, and Day

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Defendants Bendon, Sacs, and Day are not mentioned in the complaint, and plaintiff therefore fails to state a claim upon which relief may be granted against them. Although defendant Lewis is mentioned in the complaint, plaintiff's allegations that she directed his complaint against defendant Melendez be treated as a staff complaint and investigated, and that she met with the Men's Advisory Council to acknowledge fiscal problems do not provide a basis upon which to impose liability against her. (Comp., ¶¶32, 48.) Accordingly, plaintiff fails to state a claim upon which relief may be granted against her.

### 4. State Law Negligence Claim

Plaintiff alleges a claim for relief against defendants Havens, Petrick, and Shelby for negligence. A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "To establish negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury." Hair v. State, 2 Cal. Rptr. 2nd 871, 875 (Cal. Ct. App. 1991) (citations omitted).

In order to pursue a negligence claim, plaintiff must have complied with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to

the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for negligence. In addition, plaintiff has not alleged any facts supporting negligence claims against defendants.

  E. Conclusion

The court finds that plaintiff's complaint contains cognizable claims for relief against defendants Melendez, Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas for allegedly violating plaintiff's rights under the Eighth Amendment. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted. The court provided plaintiff with the opportunity to either file an amended complaint or proceed only on the cognizable claims in his original complaint. Plaintiff opted to proceed on the cognizable claims in his original complaint. Accordingly, it is HEREBY RECOMMENDED that:

  1. This action proceed (1) against defendant Melendez on plaintiff's Eighth Amendment claim stemming from the incident in which plaintiff was forced to carry his personal property, causing injury, and (2) against defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas on plaintiff's Eighth Amendment claims stemming from the failure to ensure that he was provided with the medically necessary items;

  2. Plaintiff's claims against defendants Flores, Spearman, and Fogleman stemming from the incident in which plaintiff was forced to carry his personal property, causing

    injury be dismissed for failure to state any claims upon which relief may be granted under section 1983;

3. Plaintiff's claims against defendants Shelby, Petrick, and Havens stemming from the incident in which he burned his finger on a coffee pot and was denied medical treatment be dismissed for failure to state any claims upon which relief may be granted under section 1983;

4. Plaintiff's retaliation claim be dismissed for failure to state any claims upon which relief may be granted under section 1983;

5. Plaintiff's conspiracy claim be dismissed for failure to state any claims upon which relief may be granted under section 1983;

6. Plaintiff's state law negligence claim be dismissed for failure to state any claims upon which relief may be granted;

7. Plaintiff's claims against defendant Lewis, Bendon, Sacs, and Day be dismissed for failure to state any claims upon which relief may be granted under section 1983; and

8. Defendants Lewis, Bendon, Sacs, Flores, Day, Petrick, and Spearman be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 9, 2006**          /s/ Sandra M. Snyder
icido3              UNITED STATES MAGISTRATE JUDGE