1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   DOYLE WAYNE DAVIS,                           CASE NO. 1:05-CV-01124-AWI-SMS-P

10                          Plaintiff,           ORDER FINDING SERVICE OF COMPLAINT
                                                 APPROPRIATE, AND FORWARDING
11          v.                                   SERVICE DOCUMENTS TO PLAINTIFF FOR
                                                 COMPLETION AND RETURN
12   GAIL LEWIS, et al.,
                                                 (Docs. 1, 13, and 14)
13                          Defendants.

14   _____/

15          Plaintiff Doyle Wayne Davis ("plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August

17   18, 2005.  The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that

18   it states cognizable claims for relief under section 1983 (1) against defendant Melendez on plaintiff's

19   Eighth Amendment claim stemming from the incident in which plaintiff was forced to carry his

20   personal property, causing injury, and (2) against defendants Kushner, Ortiz, Hernon, Havens,

21   Fogleman, Shelby, Torres, and Ornellas on plaintiff's Eighth Amendment claims stemming from the

22   failure to ensure that he was provided with the medically necessary items.[1]  Fed. R. Civ. P. 8(a);

23

24          [1] In a Findings and Recommendations issued concurrently with this order, the court recommended that
     plaintiff's claims against defendants Flores, Spearman, and Fogleman stemming from the incident in which plaintiff
25   was forced to carry his personal property and injured himself be dismissed for failure to state any claims upon which
     relief may be granted under section 1983; plaintiff's claims against defendants Shelby, Petrick, and Havens
26   stemming from the incident in which he burned his finger on a coffee pot and was denied medical treatment be
     dismissed for failure to state any claims upon which relief may be granted under section 1983; plaintiff's retaliation
27   claim be dismissed for failure to state any claims upon which relief may be granted under section 1983; plaintiff's
     conspiracy claim be dismissed for failure to state any claims upon which relief may be granted under section 1983;
28   plaintiff's state law negligence claim be dismissed for failure to state any claims upon which relief may be granted;
     plaintiff's claims against defendant Lewis, Bendon, Sacs, and Day be dismissed for failure to state any claims upon

1

1   Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167,

2   1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of

3   Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  Accordingly, it is HEREBY ORDERED that:

4         1.     Service is appropriate for the following defendants:

5                C/O J. L. MELENDEZ

6                DR. KUSHNER

7                DR. R. S. ORTIZ

8                DR. P. HERNON

9                C. D. HAVENS, RN

10               CPT. M. FOGELMAN

11               SGT. F. SHELBY

12               SGT. B. J. TORRES

13               C. ORNELLAS

14       2.     The Clerk of the Court shall send plaintiff nine (9) USM-285 forms, nine (9)

15            summonses, a Notice of Submission of Documents form, an instruction sheet and a

16            copy of the complaint filed August 18, 2005.

17       3.     Within **thirty (30) days** from the date of this order, plaintiff shall complete the

18            attached Notice of Submission of Documents and submit the completed Notice to the

19            court with the following documents:

20            a.     Completed summons;

21            b.     One completed USM-285 form for each defendant listed above; and

22            c.     Ten (10) copies of the endorsed complaint filed August 18, 2005.

23       4.     Plaintiff need not attempt service on defendants and need not request waiver of

24            service.  Upon receipt of the above-described documents, the court will direct the

25   ///

26

27     which relief may be granted under section 1983; and defendants Lewis, Bendon, Sacs, Flores, Day, Petrick, and

28     Spearman be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be
granted against them.

United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:     June 9, 2006**                           **/s/ Sandra M. Snyder**
icido3                                              UNITED STATES MAGISTRATE JUDGE