# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, | CASE NO. 1:05-cv-01124-LJO-SMS PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| GAIL LEWIS, et al., | (Doc. 50) |
| Defendants. | |

I.  Procedural History

Plaintiff Doyle Wayne Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed August 18, 2005, against defendant Melendez on plaintiff's Eighth Amendment claim stemming from the incident in which plaintiff was forced to carry his personal property, causing injury; and against defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas on plaintiff's Eighth Amendment claim stemming from the failure to ensure that he was provided with the medically necessary items.[1] On April 27, 2007, defendants Melendez,

---

[1] Plaintiff's claims against defendants Flores, Spearman, and Fogleman stemming from the incident in which plaintiff was forced to carry his personal property and injured himself were dismissed for failure to state any claims upon which relief may be granted under section 1983; plaintiff's claims against defendants Shelby, Petrick, and Havens stemming from the incident in which he burned his finger on a coffee pot and was denied medical treatment were dismissed for failure to state any claims upon which relief may be granted under section 1983; plaintiff's retaliation claim was dismissed for failure to state a claim upon which relief may be granted under section 1983; plaintiff's conspiracy claim was dismissed for failure to state a claim upon which relief may be granted under section 1983; plaintiff's state law negligence claim was dismissed for failure to state a claim upon which relief may be granted; plaintiff's claims against defendant Lewis, Bendon, Sacs, and Day were dismissed for failure to state any claims upon which relief may be granted under section 1983; and defendants Lewis, Bendon, Sacs, Flores, Day,

1

Kushner, Ortiz, Hernon, Havens, Shelby, Torres, and Ornellas ("defendants") filed a motion to dismiss for failure to exhaust the available administrative remedies.[2] (Doc. 50.) Plaintiff was granted a sixty-day extension of time to file a response to the motion on June 6, 2007, and was granted an additional thirty days on July 30, 2007.[3] (Docs. 53, 57.) More than thirty days have passed and plaintiff has not filed a response to the motion.

II.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court

---

Petrick, and Spearman were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 21.)

[2] Defendant Fogelman could not be located for service of process. (Doc. 59.)

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 10, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 27.)

1 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
2 dismissal without prejudice. Id.

3 III.    Defendants' Motion to Dismiss

4        Plaintiff's claim against defendant Melendez arises from an incident on May 19, 2003, in which defendant Melendez forced him to carry approximately four-hundred pounds of personal property despite being notified that plaintiff had a serious medical condition precluding him from doing so, resulting in back and legs injuries. Plaintiff's claim against defendants Kushner, Ortiz, Hernon, Havens, Fogleman, Shelby, Torres, and Ornellas arises from their failure to ensure that he was provided with medically necessary cotton blankets and soft soled boots.

       Defendants argue that plaintiff is precluded from relitigating whether exhaustion occurred prior to September 25, 2003, because that issue was decided in an earlier case. "The doctrine of collateral estoppel (or issue preclusion) 'prevents the relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding.'" Kourtis v. Cameron, 419 F.3d 989, 994 (9th 2005) (quoting Shaw v. Hahn, 56 F.3d 1128, 1131 (9th Cir. 1995)). "A federal court decision has preclusive effect where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Id. (citing Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000)).

       On September 25, 2003, plaintiff filed case number 1:03-cv-06321-OWW-NEW (DLB) PC Davis v. Lewis, et al. On March 9, 2005, defendants' motion to dismiss was granted and the case was dismissed for failure to exhaust in compliance with section 1997e(a). (Doc. 50, Ex. C.) In relevant part, plaintiff asserted an Eighth Amendment claim against defendant Melendez for forcing him to carry his personal property for a half mile, injuring plaintiff's back. Plaintiff also asserted an Eighth Amendment claim against defendants Lewis, Spearman, Petrick, Fogleman, Shelby, Torres, Ornellas, and Melendez for denying him soft sole shoes, an extra mattress, two cotton blankets, and a lower bunk, all of which were medically necessary. (Doc. 50, Exs. B, C.) In granting defendants' motion to dismiss, the Court found that no evidence that plaintiff ever raised his claim

against defendant Melendez for forcing him to carry his property at any level of the inmate appeals process, and that plaintiff did not exhaust his claim for denial of soft soled shoes, two mattresses, cotton blankets, and a lower bunk chrono. (Id.) Approximately five months later, on August 18, 2005, plaintiff filed this case, again raising those same claims.

The Court agrees with defendants that plaintiff is precluded from relitigating the issue of whether his claims were exhausted prior to the filing of his first suit. However, the action was dismissed without prejudice, leaving open the possibility that plaintiff may have subsequently exhausted his claims.

Defendants contend that plaintiff did not exhaust his claims between September 25, 2003, when he filed his first suit, and August 18, 2005, when he filed this suit. Defendants submit as evidence all of plaintiff's appeals that were submitted or processed between those dates, and contend that only two mention the claims in this action. As to the two that mention plaintiff's claims, defendants contend that neither demonstrates exhaustion.

Inmate appeal number PVSP-D-03-01617 was partially granted at the first formal level of review in August of 2005. (Doc. 50, Ex. F, pgs. 6-10.) In the appeal, plaintiff sought the renewal of his chronos. The appeal was partially granted in that the chronos would be re-written for renewal except for the cotton blanket chrono, which required that plaintiff take a wool allergy test. The appeal does not constitute a grievance placing prison officials on notice that defendants were violating plaintiff's rights under the Eighth Amendment by failing to provide him with medically necessary soft soled shoes and cotton blankets.[4]

Plaintiff also submitted an Americans with Disabilities Act reasonable accommodation request on November 18, 2003. (Doc. 50, Ex. F, pg. 4.) The Court agrees with defendants and the court's earlier decision in plaintiff's previous case that a reasonable accommodation request does not satisfy section 1997e(a), at least in this instance. Plaintiff is asserting a claim for violation of his rights under the Eighth Amendment based on staff misconduct. The reasonable accommodation

---

[4] Plaintiff is not required to specifically assert an Eighth Amendment violation or name all the defendants in the appeal. However, the appeal must be sufficient to place prison officials on notice as to the staff misconduct later giving rise to suit for violation of plaintiff's rights.

request is simply a request that plaintiff's chronos for soft soled shoes and cotton blankets be renewed. The request does not grieve the failure of defendants to provide him with these medically necessary items.

IV.     Conclusion and Order

The Court finds defendants have met their burden as the parties moving for dismissal. Plaintiff did not oppose the motion, and based on a review of the record, the Court finds that plaintiff's claims have not been exhausted. Accordingly, defendants' motion to dismiss, filed April 27, 2007, is HEREBY GRANTED and this action is dismissed, without prejudice, for failure to exhaust. 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

**Dated:     October 11, 2007**                              **/s/ Lawrence J. O'Neill**
                                                                               UNITED STATES DISTRICT JUDGE